Laconia District Court
No. 81-197

## FRANCIS DOW

v.

## HERBERT CARTER

May 12, 1982

*Falardeau, Mahan & Franks*, of Tilton (*William W. Franks* on the brief), by brief for the plaintiff.

*Thornton & Thornton*, of Manchester (*William G. Thornton* and *Edward R. Thornton, Jr.*, on the brief), by brief for the defendant.

PER CURIAM. The issue in this landlord-tenant case is whether the court erred in granting the plaintiff tenant double damages under RSA 477:48 VII(b) (Supp. 1979) when his landlord failed to return the security deposit, as required by RSA 477:48 VI (Supp. 1981). We reverse.

Although there is no record of the evidence presented to the District Court (*Martin*, S.J.), the facts appear to be as follows: The plaintiff Dow became a tenant of the defendant Carter on or about April 10, 1980, and gave a security deposit of $150. After falling in arrears, the plaintiff paid $300 to cover his rent through May 22, 1980. According to the plaintiff's amended writ, he moved out of

the premises on May 18, 1980, and, on July 17, 1980, he sued the defendant for double the amount of the security deposit ($300).

The district court found that the defendant was unaware that the plaintiff had moved out until June 3, 1980, and did not know the plaintiff's whereabouts until the defendant's lawyer received a letter, dated July 8, from the plaintiff's lawyer. The court denied the defendant's requests for factual findings (1) that the plaintiff moved out on May 18, (2) that the defendant did not receive the plaintiff's forwarding address, as required by RSA 477:48 VIII (Supp. 1979), and (3) that the plaintiff was not entitled to double damages. The court then gave judgment for the plaintiff in the amount of $200, including double damages less rent due, and the defendant appealed.

■ RSA 477:48 VI (Supp. 1981) provides that a landlord shall return the security deposit with interest due, if any, within thirty days from the termination of the tenancy, less any unpaid rent and damages if the tenant is given a written, itemized list of the reasons the amount was withheld. Section VII(b) (Supp. 1979) provides that a landlord who fails to comply with the above provision will be liable for twice the amount of the security deposit plus any interest due, less charges for damages and unpaid rent. If the tenant does not notify the landlord of his or her new address upon termination of the tenancy, however, the landlord is not liable for double damages. RSA 477:48 VIII (Supp. 1979). Although the statute states no definite time period after termination within which notification must be given, we will interpret this period to be a reasonable time.

■ The trial court found that the plaintiff terminated his tenancy on June 3, 1980, and that the plaintiff did not notify the landlord of any forwarding address until July 8, 1980. We hold, as a matter of law, that the plaintiff's notice was unreasonably late and that the award of double damages was, therefore, improper.

■ The record does not reveal how the trial judge arrived at his measure of damages, although implicit in his decision is a finding that the plaintiff owed some amount of back rent. For this reason, we will remand the case for recomputation of damages.

*Reversed; remanded.*