# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

## In Case No. 2022-0354, <u>Phyllis Pike & a. v. Scott Wallace & a.</u>, the court on May 12, 2023, issued the following order:

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendants, Scott Wallace, Heidi Marr, and Braveheart Realty, Inc. (landlords), appeal an order of the Circuit Court (<u>Weaver</u>, J.) awarding the plaintiffs, Phyllis and Jeffrey Pike (tenants), double the amount of their security deposit with interest less damages pursuant to RSA 540-A:8. <u>See</u> RSA 540-A:8 (2021). We affirm.

The following facts either were found by the trial court or reflect the content of documents in the appellate record. The tenants entered into a residential lease with the landlords to rent a single family home from December 1, 2018, through June 30, 2019. Upon entering into the lease, the tenants paid the landlords a security deposit of $2,300.00. After their lease expired, the tenants remained in the home and continued paying monthly rent to the landlords, which the landlords accepted. On November 6, 2020, the tenants notified the landlords of their intent to vacate the property on November 30, and they did so on that date.

On December 14, the tenants asked the landlords whether their new address was needed for the return of their security deposit. The landlords responded that the new address was needed, and the tenants provided it that day.

On January 12, 2021, the landlords sent a letter to the tenants at their new address, claiming damages that were nearly equal to the amount of the security deposit and informing them that only $18.40 of the deposit would be returned. The tenants sought return of their entire security deposit by filing a small claim complaint against the landlords.

Following a bench trial, the trial court ruled that the tenants were entitled to double the amount of their security deposit plus interest, less certain damages awarded to the landlords, because the landlords failed to return the security deposit with interest within 30 days of the termination of the tenancy. The court found that the tenancy terminated on December 6, 2020[1], and that the landlords received the tenants' address eight days later.

---

[1] At trial, the parties stipulated that an additional 6 days' rent was due for 30 days' notice from November 6, 2020 to December 6, 2020.

The landlords' accounting of the security deposit was not provided to the tenants until January 12, 2021, more than 30 days after December 6, 2020. Because the landlords failed to return the security deposit to the tenants within the statutory 30-day period, the trial court awarded the tenants $3,098.30, which represents twice the amount of their $2,300.00 security deposit, plus $11.93 in interest, less $1,525.56 in damages to the landlords. The landlords unsuccessfully moved for reconsideration, and this appeal followed.

We will uphold the trial court's factual findings unless they are unsupported by the evidence or erroneous as a matter of law. Miller v. Slania Enters., 150 N.H. 655, 659 (2004). We review questions of law de novo. Id.

Resolving the issues in this appeal requires that we engage in statutory interpretation, "which presents a question of law subject to de novo review." In re J.S., 174 N.H. 375, 379 (2021) (quotation omitted). "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." Id. (quotation omitted). "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Id. (quotation omitted). "Absent an ambiguity, we need not look beyond the language of the statute to discern legislative intent." Id. (quotation omitted).

Except under circumstances that do not apply in this case, RSA 540-A:7, I, requires a landlord to "return a security deposit to a tenant and pay the interest due, if any, within 30 days from the termination of the tenancy." RSA 540-A:7, I (2021). "If there are any damages to the premises, excluding reasonable wear and tear, the landlord may deduct the costs of the repair from the security deposit." Id. Under RSA 540-A:7, I, the landlord must "provide the tenant with a written, itemized list of any damages for which the landlord claims the tenant is liable." Id.

If the landlord fails to comply with RSA 540-A:7, I, the landlord is "liable to the tenant in damages in an amount equal to twice the sum of the amount of the security deposit plus any interest due . . . , less any . . . charges owing for damages, unpaid rent, or share of real estate taxes." RSA 540-A:8, I(b). "Notwithstanding . . . RSA 540-A:7[] and RSA 540-A:8, I, a landlord shall not be liable" for the damages set forth in RSA 540-A:8, I(b) "if his failure to comply with said sections . . . is due to the failure of the tenant to notify the landlord of his new address upon termination of the tenancy." RSA 540-A:8, II.

On appeal, the landlords suggest that the tenancy in this case terminated on November 30, 2020, and contend that the tenants were statutorily obligated to provide their new address to the landlords that day and

that their failure to do so precludes their recovery of damages under RSA 540-A:8, II.  We disagree.

We first consider the landlords' suggestion that the tenancy terminated on November 30.  The trial court found that the tenancy terminated on December 6.  We uphold this factual finding because there is record support for it and it is not legally erroneous.  See Miller, 150 N.H. at 659.

We next consider whether, as the landlords argue, the tenants were not entitled to receive damages under RSA 540-A:8, II because they did not provide their new address to the landlords until December 14.  In considering this argument, we find Dow v. Carter, 122 N.H. 395 (1982), instructive.

In Dow, 122 N.H. at 395-96, we interpreted the predecessor to RSA 540-A:8, II.  See RSA 477:48, VII(b), VIII (1983) (repealed by Laws 1985, 100:7).  Just as the current statute provides, the predecessor statute provided that a landlord who failed to return a tenant's security deposit with interest, less damages, within 30 days from the tenancy's termination was liable for twice the amount of the security deposit.  Compare RSA 477:48, VII(b), with RSA 540-A:8, I(b).  Just as the current statute provides, the predecessor statute also provided that a landlord was not liable for such damages if the landlord's "failure to comply" with this mandate was "due to the failure of the tenant to notify the landlord" of the tenant's new address "upon termination of the tenancy."  RSA 477:48, VIII; see RSA 540-A:8, II.

In Dow, we ruled that, "[a]lthough the statute states no definite time period after termination within which notification must be given," we would interpret "this period to be a reasonable time."  Dow, 122 N.H. at 396.  In that case, the tenant had terminated his tenancy on June 3, 1980, but had not notified the landlord of his new address until July 8, 1980.  Id.  The landlord was unaware that the tenant had moved out until June 3, and did not know of the tenant's new address until July 8.  Id.  Nonetheless, the trial court had awarded the tenant "double damages, less rent due."  Id.  We reversed, holding, as a matter of law, that the tenant was not entitled to damages because his "notice was unreasonably late."  Id.

Here, the tenants notified the landlords on November 6 of their intent to vacate the premises on November 30 and provided their new address to the landlords on December 14, only eight days after their tenancy terminated.  This was a reasonable period of time as a matter of law.  There is no evidence that the landlords were unable to comply with the 30-day statutory period because the tenants provided their new address eight days after the tenancy terminated.

To the extent that the landlords invite us to overrule Dow because, in their view, it constitutes "bad law," we decline their invitation to do so.  "[W]hen

3

asked to reconsider a holding, the question is not whether we would decide the issue differently <u>de novo</u>, but whether the ruling has come to be seen so clearly as error that its enforcement was for that very reason doomed." <u>State v. Quintero</u>, 162 N.H. 526, 539 (2011) (quotation omitted). Generally, we will overrule a prior decision only after considering: (1) whether the rule has proven to be intolerable simply by defying practical workability; (2) whether the rule is subject to a kind of reliance that would lend a special hardship to the consequence of overruling; (3) whether related principles of law have so far developed as to have left the old rule no more than a remnant of abandoned doctrine; and (4) whether facts have so changed, or come to be seen so differently, as to have robbed the old rule of significant application or justification. <u>Maplevale Builders v. Town of Danville</u>, 165 N.H. 99, 105 (2013). "Principled application of stare decisis requires a court to adhere . . . to . . . precedent in the absence of some special reason over and above the belief that a prior case was wrongly decided." <u>Id</u>. (quotation omitted). Having failed to brief the four stare decisis factors, the landlords have not persuaded us that <u>Dow</u> must be overruled. <u>See id</u>.

Alternatively, the landlords imply that their January 12, 2021 letter to the tenants detailing the claimed damages and offering to return $18.40 of the security deposit was timely because the letter was sent fewer than 30 days after the tenants notified the landlords of their new address. In the trial court, the landlords asserted that the statutory scheme required them to return the security deposit "within 30 days of [their] receipt" of the tenants' new address.

This assertion has no support in the statutory language. By statute, the landlords were required to return the security deposit to the tenants with interest "within 30 days from the termination of the tenancy," here December 6. RSA 540-A:7, I. The landlords concede that they did not provide an accounting to the tenants until January 12, 2021, which is more than 30 days from December 6, 2020. The landlords do not claim that they were unable to return the security deposit or provide the tenants with a detailed accounting of claimed damages within the statutory time period because the tenants failed to provide their address earlier. Rather, the landlords concede that the tenants provided their address on December 14, 22 days before the 30-day period expired. For all of the above reasons, therefore, we uphold the trial court's award of damages to the tenants pursuant to RSA 540-A:8.

<u>Affirmed</u>.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
